## En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Gloria E. Ramos López<br><br>Demandante-Recurrida<br><br>.V<br><br>Samuel Ramos López<br><br>Demandado-Peticionario | Certiorari<br><br>**TSPR-98-3** |

Número del Caso: **CC-96-369**

Abogados Parte Demandante:

    Lic. David Urbina Urbina

Abogados Parte Demandada:

    Lic. Víctor M. Bermúdez Pérez

Abogados Parte Interventora:

Tribunal de Instancia:

    Superior Subsección de Distrito-Sala de Caguas

Juez del Tribunal de Primera Instancia:

    Hon. Carlos F. Colón Santini

Tribunal de circuito de Apelaciones: **Circuito Regional VI**

Juez Ponente:

    Hon. Amadeo Murga

Fecha: 1/29/1998

Materia: **Cobro de Dinero**

Este documento constituye un documento
oficial del Tribunal Supremo que está sujeto
a los cambios y correciones del proceso de

compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gloria E. Ramos Figueroa

Demandante-recurrida

CC-96-369

  v.

Samuel Ramos López

Demandado-peticionario

## RESOLUCION

En San Juan, Puerto Rico, a 29 de enero de l998

Vista y analizada la comparecencia de la parte demandante recurrida mostrando causa, se deniega el recurso.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton emitió voto particular de conformidad, al cual se une el Juez Asociado señor Corrada del Río. El Juez Asociado señor Fuster Berlingeri emitió voto particular de conformidad. El Juez Asociado señor Rebollo López emitió opinión concurrente y disidente. La Juez Asociada señora Naveira de Rodón emitió opinión disidente. El Juez Presidente señor Andréu García disiente sin opinión escrita.


     Isabel Llompart Zeno

     Secretaria del Tribunal Supremo


## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gloria E. Ramos Figueroa

Demandante-Recurrida

v.

CC-96-369 Certiorari

Samuel Ramos López

Demandado-Peticionario

Voto Particular de Conformidad emitido por el Juez Asociado Señor **Hernández Denton**, al cual se une el Juez Asociado Señor **Corrada del Río**

San Juan, Puerto Rico, a 29 de enero de 1998.

El recurso de apelación instado por el peticionario Samuel Ramos López ante el Tribunal de Circuito de Apelaciones es claramente frívolo. Por ello, estamos conformes con denegar el recurso de certiorari presentado ante nos, dejando así inalterada la sanción que el foro apelativo le impuso al peticionario.

## -I-

Las partes, quienes son hermanos, participaron en un pleito sobre división y adjudicación de los bienes hereditarios de su padre Ramón Ramos Rodríguez, presentado ante el entonces Tribunal Superior, Sala de Caguas. Mediante sentencia final y firme se distribuyeron los bienes de la herencia de conformidad y haciendo referencia al Informe del Contador Partidor, al informe suplementario titulado "Cuaderno Particional" y al "Addendum". Dichos documentos fueron admitidos en evidencia en el caso de partición de herencia y en los mismos se señalaba que el peticionario, Samuel Ramos le adeudaba a la Sucesión ciertas cantidades de dinero incluyendo $13,370.00 a cada uno de los hermanos, entre los que figuraba la aquí recurrida Gloria Ramos. Esta deuda no se consignó expresamente en la sentencia.

Así las cosas, Gloria Ramos instó una demanda sobre "Cobro de Dinero" en el Tribunal de Primera Instancia, Subsección de Distrito de Caguas, en la que alegó que su hermano, y aquí peticionario, le adeudaba $13,462.00 por concepto de la partición de herencia de su padre. Alegó, además, que la deuda era líquida y exigible, para lo cual se refirió al cuaderno particional preparado por el contador partidor.

Posteriormente, el Tribunal de Distrito ordenó que se uniera ese expediente al caso del Tribunal Superior para considerar la demanda como una solicitud de ejecución de sentencia. Luego de

remitido el expediente, el Tribunal Superior ordenó que se continuara ventilando el caso en el Tribunal de Distrito. Este último emitió una orden mediante la cual asumió nuevamente competencia sobre el caso.

Eventualmente, el Tribunal de Distrito emitió sentencia declarando con lugar la demanda y condenando a Samuel Ramos a pagarle a su hermana, Gloria Ramos, $13,370.00, las costas y $500.00 por concepto de honorarios de abogado. Ante ese cuadro, el peticionario interpuso recurso de apelación ante el Tribunal de Circuito de Apelaciones, el cual emitió sentencia confirmatoria. Determinó que la sentencia del tribunal de instancia hacía referencia al Informe del Contador Partidor y al Cuaderno Particional. Concluyó que aunque dicha sentencia no reprodujo ad verbatim el contenido del cuaderno ni del addendum, expresaba la intención de que los bienes fueran distribuidos conforme al cuaderno particional donde se establecía que cada heredero (incluyendo a Gloria Ramos) tenía una reclamación contra Samuel Ramos, por $13,370.00. De esta manera, estimó que la sentencia apelada había adjudicado la existencia de la deuda, y que el peticionario litigó el pleito sin defensa válida pretendiendo no cumplir una obligación que había sido declarada por sentencia. Por ello, concluyó que la apelación era frívola y a tenor con la Regla 85(B) del Reglamento del Tribunal de Circuito de Apelaciones, condenó a la parte apelante, aquí peticionaria, a pagar la suma de $300.00 en concepto de honorarios de abogado.

Inconforme, Samuel Ramos instó recurso de certiorari ante nos, planteando una serie de errores sobre la sentencia además de alegar error en la determinación de frivolidad del Tribunal de Circuito respecto a la apelación. Examinado el recurso, decidimos acogerlo con el único objetivo de revisar la determinación del foro apelativo de condenar al peticionario al pago de honorarios de abogado. Procede denegar el recurso.

-II-

Samuel Ramos no tenía argumento legal válido para negarse a cumplir con su obligación. Además, tenía conocimiento del contenido del Informe del Contador Partidor y del Addendum. En este último documento se establecía que tenía una deuda con su hermana Gloria Ramos. Sin embargo, pretendía utilizar la doctrina de cosa juzgada para liberarse de su obligación de pago, aduciendo que en el texto de la sentencia del tribunal de instancia no se hizo mención de la referida deuda.

Cabe señalar que el Addendum contenía la referencia a dicha obligación. De hecho, la propia sentencia plasmaba el interés de que se cumpliera con lo dispuesto en el Informe y en el Addendum. De una lectura integral de esos tres documentos surge claramente la obligación del peticionario. Pretender ampararse en el texto limitado de la sentencia para liberarse de su obligación nos parece una actitud frívola. La obligación de Samuel Ramos hacia Gloria Ramos surgía de la sentencia y de los documentos mencionados.

Por las razones antes esbozadas el propio Tribunal de Distrito le impuso honorarios de abogado ascendentes a $500.00 al peticionario por considerar que actuó con temeridad. El Tribunal de Circuito confirmó esta determinación, y amparándose en el poder que le confiere la Ley de la Judicatura y el Reglamento del Tribunal, le impuso honorarios de abogado al concluir que a su vez, la apelación fue frívola. Nada nos parece más apropiado. Reproducir en el foro apelativo los argumentos que presentó en instancia de forma temeraria es igualmente frívolo y temerario, y merece ser censurado enérgicamente y desalentado por los tribunales.

No estimamos como persuasivo el argumento de que la teoría del peticionario tenía cierta lógica ni que era suficiente para determinar que no procedían las sanciones en apelación. Si así fuera, amparándose en el derecho a apelar contemplado en la Ley de la Judicatura, toda parte perdidosa en instancia, podría conseguir un abogado que esbozara una teoría que justificara su posición, por frívola que fuera. Este no es el propósito de la ley. Permitir la radicación de casos frívolos e inmeritorios no opera a favor de la sana administración de la justicia.

El derecho a que un panel de jueces revise las actuaciones de los tribunales de instancia no significa que exista carta abierta para apelar por cualquier razón sin contar con fundamentos válidos en derecho. Flaco servicio le hacemos a la administración de la justicia al ampararnos en el derecho a apelar para restringir la facultad concedida al Tribunal de Circuito de Apelaciones tanto en la Ley de la Judicatura como en su Reglamento, para que, en los casos que estime prudente, imponga sanciones y honorarios de abogado por la presentación de recursos frívolos.

Hoy este Tribunal actúa correctamente al denegar el presente recurso, dejando inalterada la sanción que el Tribunal de Circuito de Apelaciones impuso al peticionario.

Federico Hernández Denton

Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

GLORIA E. RAMOS FIGUEROA

Demandante-Recurrida

   vs.

CC-96-369 CERTIORARI

SAMUEL RAMOS LOPEZ

Demandado-Peticionario

Voto particular de conformidad emitido por el Juez Asociado
señor
FUSTER BERLINGERI.

San Juan, Puerto Rico, a 29 de enero de 1998.

En el caso de autos, el 1ro de noviembre de 1996 emitimos una resolución, concediéndole a la parte recurrida un término para mostrar causa por la cual no debíamos expedir el recurso de certiorari solicitado, y revocar la decisión del Tribunal de Circuito de Apelaciones de imponerle una sanción al recurrente por entender que el recurso presentado por éste ante dicho foro era frívolo.

Cuando emitimos la resolución aludida, lo hicimos preocupados por la posibilidad de que el foro apelativo hubiese actuado con excesiva severidad al imponer la sanción por frivolidad aludida. En efecto, entonces como ahora nos inquieta el efecto indeseado que puede tener una aplicación muy rígida del mecanismo de sanciones por frivolidad de parte del Tribunal de Circuito de

Apelaciones, en los casos sobre los cuales tiene competencia. Ese foro fue creado por la Asamblea Legislativa precisamente para asegurar que toda persona afectada adversamente por una decisión de un tribunal de instancia, tuviese el derecho a que dicha decisión fuese revisada a fondo por un foro apelativo. Por ello, el Tribunal de Circuito de Apelaciones debe ser muy

cuidadoso al aplicar sanciones por frivolidad, para evitar que la imposición de tales sanciones tenga un efecto adverso sobre el ejercicio del derecho aludido, al disuadir a las partes de presentar recursos de apelación ante el Tribunal de Circuito de Apelaciones, por temor a ser sancionados económicamente. En mi criterio, de existir duda sobre la frivolidad de un recurso, la balanza debe inclinarse a favor del apelante o recurrente.

Lo anterior no obstante, luego de considerar más a fondo la cuestión ante nos en el caso de autos, me veo obligado a concluir que realmente no estamos en posición de determinar si la apelación presentada ante el Tribunal de Circuito de Apelaciones era frívola o no. El peticionario no nos ha puesto en condición para hacer tal determinación.

No cabe duda de que la apelación que nos concierne aquí hubiese sido frívola, si el tribunal de instancia hubiese incorporado en su sentencia original el inciso 22 del Addendum que formaba parte del cuaderno particional, presentado ante ese tribunal por el contador-partidor, en el cual expresamente se reconocía la deuda en cuestión. Nótese que así lo hizo el tribunal, casi <u>ad verbatim</u>, con todos los demás 23 incisos del referido documento.

Resulta meridianamente claro que, si tal hubiera sido el caso, contra el peticionario hubiese existido una sentencia firme y final, mediante la cual se habrían distribuido todos los bienes de la herencia en cuestión, de conformidad con el informe de un contador-partidor nombrado en el caso. La partición judicial de la herencia, adoptada y autorizada por el tribunal de instancia en la sentencia original, claramente hubiese convertido al peticionario en deudor de la parte recurrida, y tal deuda en una que era líquida y exigible. En tales circunstancias, la negativa del peticionario a pagar lo adeudado, que obligó a la recurrida a instar una acción de cobro de dinero, hubiese constituido una actitud contumaz, que merecía la imposición de sanciones por frivolidad.

Sobre el particular, debe recordarse que el Artículo 1021 del Código Civil de Puerto Rico, 31 L.P.R.A. 2901, dispone que:

> "La partición legalmente hecha confiere a cada heredero la propiedad exclusiva de los bienes que le hayan sido adjudicados."

Como bien ha señalado el profesor Vélez Torres, una vez se realiza la partición, desaparece del patrimonio del heredero el derecho sobre una cuota indivisa, y éste adviene titular

exclusivo de bienes individualizados. Vélez Torres, Curso de Derecho Civil, Tomo IV, Vol. III, Pág. 526. De haberse incluido el referido inciso en la sentencia original, al advenir ésta en final y firme como ocurrió, el demandado-apelante en el caso de autos se habría convertido indudablemente en un deudor de la demandante, por la cantidad indicada en el cuaderno particional, y su renuencia a pagar dicha cantidad por espacio de cuatro años no tendría justificación legal alguna. En esas circunstancias, tanto el tribunal de instancia en el segundo pleito de cobro de dinero, como el de Circuito de Apelaciones en el recurso que nos concierne aquí, hubiesen estado totalmente justificados a imponer sanciones por frivolidad, como lo hicieron.

Sin embargo, en el recurso ante nos, el peticionario no nos ha puesto en condiciones de poder esclarecer precisamente qué fue lo que realmente aconteció en el presente caso sobre el asunto en cuestión. No sabemos, a ciencia cierta, porqué el tribunal de instancia en la sentencia de partición original, no incorporó expresamente el referido inciso 22 del Addendum, que formaba parte integral del cuaderno particional, aunque sí incorporó los otros 23 incisos. Probablemente fue un error de mecanografía, ya que la cantidad total del patrimonio que debía distribuirse, según la sentencia en cuestión, y el propio cuaderno particional, incluía lo dispuesto en ese inciso. Es decir, sin el inciso en cuestión, no se podía hacer cabalmente la distribución del caudal hereditario, como se hizo en la referida sentencia. Es probable que en otros documentos judiciales posteriores considerados por el foro de instancia, esta omisión haya sido subsanada. De ser ello así, estaría justificada claramente la determinación de frivolidad que posteriormente hicieron tanto el foro de instancia, como el apelativo. Pero no tenemos manera de saber con certeza, si ello fue así. En su petición de certiorari ante nos, el peticionario omitió incluir documentos indispensables para poder resolver la cuestión de frivolidad aludida, como lo serían todas aquellas resoluciones, minutas, órdenes y mociones presentadas y dictadas originalmente en instancia sobre la partición de la herencia. Concretamente, el peticionario no incluyó: 1) el primer informe rendido por el contador-partidor el 11 de enero de 1989; 2) la resolución del tribunal de instancia fechada 19 de mayo de 1989, mediante la cual se aprobó ese informe; 3) el segundo informe presentado por el contador-partidor el 18 de junio de 1990, y 4) su correspondiente aprobación judicial mediante resolución de 5 de julio de 1990; 5) las mociones del peticionario impugnando el contenido de esos informes; y 6) las minutas o resoluciones dictadas respecto a dichas impugnaciones.

Evidentemente, el tribunal de instancia, y el de Circuito de Apelaciones al elevar los autos originales del caso, tuvieron ante sí un cuadro completo de los hechos pertinentes aquí, mediante el examen de los documentos identificados antes. Por ello, es probable que sus respectivas determinaciones de frivolidad hayan sido correctas. No es esa, sin embargo, nuestra situación.

En resumen, pues, como el peticionario no nos ha puesto en posición de resolver el asunto, lo propio es que se deniegue el recurso ante nos en este caso, por craso incumplimiento con nuestro Reglamento. Ello es lo que procede, porque no podemos realmente considerar en sus méritos el asunto de frivolidad, a base del expediente ante nos.

**JAIME B. FUSTER BERLINGERI**

JUEZ ASOCIADO

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Gloria E. Ramos Figueroa

Demandante-recurrida

CC-96-369 CERTIORARI

  vs.

Samuel Ramos López

Demandado-peticionario

OPINIÓN CONCURRENTE Y DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR **REBOLLO LÓPEZ**

En San Juan, Puerto Rico a 29 de enero de 1998

No obstante estar conforme con la posición de la mayoría de los integrantes del Tribunal a los efectos de que no le asiste la razón, en los méritos, a la parte peticionaria, expediríamos el recurso radicado a los únicos fines de eliminar la sanción económica que, por alegada frivolidad, le impuso el Tribunal de Circuito de Apelaciones a dicha parte.

Por años, un alto por ciento de los abogados del País estuvieron clamando por que se estableciera en nuestra jurisdicción el derecho a apelar ante este Tribunal de una sentencia final emitida por los tribunales de instancia en casos civiles, ello en sustitución del sistema discrecional, de expedir o no el recurso radicado, que tenía este Foro en relación a dichos recursos civiles.

La Asamblea Legislativa entendió procedente establecer ese derecho de apelación en casos civiles. A esos efectos creó un tribunal apelativo intermedio; hoy, el Tribunal de Circuito de Apelaciones. Al así actuar, el legislador claramente expresó que lo hacía con el propósito de asegurar "...el derecho de apelación a los ciudadanos en casos civiles y criminales..." y para extender "...a todo puertorriqueño afectado adversamente por una decisión de un tribunal, el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión". (Enfasis suplido.)

El legislador, sin embargo, le concedió la facultad a dicho tribunal apelativo intermedio de imponer sanciones económicas a los litigantes en casos en que dicho foro judicial determine "...que el recurso ante su consideración es frívolo o que se presentó [el mismo] para dilatar los procedimientos..."; disposición estatutaria que choca, o resulta ser un tanto contraria, al derecho de apelación establecido.

Dicha situación nos obliga a interpretar y/o a establecer un balance entre la disposición estatutaria antes mencionada y la evidente intención legislativa de brindarle a nuestros conciudadanos el derecho a apelar de sentencias emitidas por los tribunales de instancia; ello con el propósito de "...penetrar la superficie verbal del problema ante nos, precisar el diseño y la razón de ser de las disposiciones legales que nos ocupan, sopesar los intereses en juego, para intentar acercarnos a la interpretación más justiciera." Pueblo v. Tribunal Superior, 104 D.P.R. 363, 366 (1975).

Somos del criterio que el Tribunal, efectiva y correctamente así lo haría estableciendo la norma a los efectos de que la determinación de frivolidad, por parte del Tribunal de Circuito de Apelaciones, únicamente procederá en situaciones enteramente irrazonables, claramente inmeritorias, o sin peso ni lógica alguna.

Permitir lo contrario derrota el propósito principal que tuvo el legislador al precisamente establecer o crear el Tribunal de

Circuito de Apelaciones y tendrá un efecto demoledor, o disuasivo, sobre los ciudadanos que resultan perjudicados por una decisión de un tribunal de instancia; ello por el temor a ser sancionados económicamente.

**FRANCISCO REBOLLO LÓPEZ**

Juez Asociado

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Gloria E. Ramos Figueroa

Demandante-recurrida

v.

CC-96-369 Certiorari

Samuel Ramos López

Demandado-peticionario

Opinión Disidente emitida por la Juez Asociada señora **NAVEIRA DE RODON.**

En San Juan, Puerto Rico a 29 de enero de 1998

La demandante recurrida, Gloria E. Ramos Figueroa y el demandado peticionario, Samuel Ramos López, fueron parte demandada en un caso anterior sobre división y adjudicación de los bienes hereditarios de Ramón Ramos Rodríguez, padre de ambos (Civil Núm. RF-80-2180). Dicho procedimiento concluyó mediante sentencia dictada el 14 de junio de 1990, por el entonces Tribunal Superior, Sala de Caguas (Hon. Julio Berríos Jiménez), la cual es final y firme. Dicha sentencia distribuyó los bienes de la herencia de conformidad con el Informe del Contador Partidor nombrado en el caso, así como de un informe suplementario titulado "Cuaderno Particional" y de un "Addendum" que formaba parte de éste. Dichos documentos fueron admitidos en evidencia en el caso de partición de herencia y en los mismos se señala que Samuel Ramos López le adeudaba a la Sucesión "la suma de ciento seis mil, setecientos sesenta y tres dólares ($106,763) de los cuales le corresponden cincuenta y tres mil, cuatrocientos ochenta y dos dólares ($53,482) a Doña Celia López Estrella y trece mil, trescientos setenta dólares ($13,370) a cada uno de los hermanos Salustiano Ramos López, Gloria Ramos Figueroa, Angel Luis Ramos López y Ramón Ramos López" (Ap. pág. 68). Esta deuda no se consignó en la sentencia.

El 19 de abril de 1994, Gloria E. Ramos Figueroa presentó demanda sobre "Cobro de Dinero" en el hoy Tribunal de Primera Instancia, Subsección de Distrito, Sala de Caguas. Alegó que el demandado Samuel Ramos López le adeudaba la cantidad de trece mil, cuatrocientos sesenta y dos dólares ($13,462) por concepto de la partición de herencia de su extinto padre. Alegó, además, que la deuda era líquida y exigible, para lo cual se refirió a un cuaderno particional preparado por el Contador Partidor nombrado en el caso de partición de herencia, con fecha de 19 de diciembre de 1990.

El 10 de junio de 1994, se celebró una vista sobre el estado de los procedimientos, a raíz de la cual, el mismo día, el tribunal dictó la siguiente orden:

> "El Tribunal ordena que se una este expediente al caso RF80-2180 del Tribunal Superior de Caguas, con el fin de considerar la demanda como una solicitud de ejecución de sentencia en cuanto al demandado por lo que solicita en la misma. Se ordena el traslado al Tribunal Superior." (Ap. pág. 22).

El 16 de septiembre de 1994, la Secretaría del Tribunal de Distrito remitió el expediente a la Secretaría del Tribunal Superior. (Ap. pág. 23). Sin embargo, el 24 de octubre de 1994, el Tribunal de Distrito dictó la siguiente orden:

> "En vista de la Orden del Tribunal Superior (29 sept. 1994) el Tribunal de Distrito asume de nuevo competencia y señala C.A.J."

El Tribunal de Distrito señaló el caso para vista en su fondo, la cual se celebró el 2 de mayo de 1995. Posteriormente, el 6 de noviembre de 1995, dictó sentencia declarando con lugar la demanda. Condenó al demandado peticionario a pagar a la demandante recurrida la suma de trece mil, trescientos setenta dólares ($13,370), más los intereses devengados desde que se dictó la sentencia en el caso RF80-2180, las costas y la cantidad de quinientos dólares ($500) por concepto de honorarios de abogado.

El demandado peticionario interpuso recurso de apelación ante el Tribunal de Circuito de Apelaciones. Este dictó sentencia el 30 de agosto de 1996, mediante la cual confirmó la sentencia apelada. Concluyó, además, que la apelación era frívola y a tenor con la Regla 85(B) del Reglamento del Tribunal de Circuito de Apelaciones, le impuso a la parte apelante, aquí peticionaria, la suma de trescientos dólares ($300) de honorarios de abogado.

Inconforme con dicha sentencia el demandado peticionario acudió ante nos mediante recurso de certiorari. Planteó una serie de errores relacionados a la procedencia de la sentencia del Tribunal de Circuito de Apelaciones en los méritos. Además, planteó como error la determinación de frivolidad por parte del Tribunal de Circuito de Apelaciones, respecto a la apelación. El pasado 1ro de noviembre de 1996, emitimos la siguiente resolución:

> "Visto el recurso presentado por el demandado peticionario, se le concede a la demandante recurrida el término de veinte (20) días, contados a partir de la notificación de esta resolución, para que muestre causa por la cual no debamos expedir el recurso presentado y dictar sentencia modificando la emitida por el

Tribunal de Circuito de Apelaciones, a los únicos efectos de eliminar de la misma la imposición de los trescientos dólares ($300.00) impuestos como sanción por entender que el recurso es frívolo."

La demandante recurrida ha comparecido mediante Moción Informativa en Cumplimiento de Orden de Mostrar Causa. Señala que procede la imposición de la sanción por frivolidad ya que "no existía ninguna controversia de derecho legítima sobre la corección de la sentencia recurrida" que justificara apelar al Tribunal de Circuito de Apelaciones. Por las razones que a continuación exponemos disentimos de la resolución que hoy adopta la mayoría.

La demandante recurrida en esencia se refiere a la aplicación de la doctrina de la cosa juzgada con relación a la sentencia dictada el 14 de junio de 1990, en el caso de división de herencia, y el efecto dispositivo de ésta sobre el caso de autos. En instancia invocó la referida doctrina en su vertiente ofensiva, mientras que el demandado peticionario hizo lo propio, mas en su vertiente defensiva. Ambas partes se refirieron a los efectos de la sentencia sobre la alegada deuda del demandado peticionario para con la demandante recurrida, por la cantidad de trece mil cuatrocientos sesenta y dos dólares ($13,462).

La demandante recurrida argumentó que la sentencia de 14 de junio de 1990 adjudicó la existencia de la referida deuda y su cuantía. Se refería a un cuaderno particional presentado por el Contador Partidor nombrado por el tribunal en el caso de división de herencia, que fue admitido en evidencia. De una nota al pie del cuaderno particional surge lo siguiente: "Cada heredero y la Sra. Celia López tienen una reclamación contra Samuel [Ramos-López] por $107,693- ($53,846 la Sra. Celia López y $13,462 cada heredero)." Esta nota no se incorporó expresamente en la sentencia del 14 de junio de 1990, hecho en el cual el demandado peticionario basó la defensa de cosa juzgada.

El Tribunal de Circuito de Apelaciones acogió la posición de la demandante recurrida. En lo pertinente se expresó el Tribunal de Circuito de Apelaciones de la siguiente forma:

"La sentencia [de 14 de junio de 1990] hace referencia al informe sometido por el contador-partidor nombrado en el caso..., así como a un informe suplementario titulado 'Cuaderno Particional', de fecha de 15 de junio de 1990, el cual consta de dos páginas y fue ofrecido y admitido en evidencia en el referido procedimiento. La referida sentencia no vacía ad verbatim el contenido del cuaderno particional ni el addendum que formaba parte de éste. Sin embargo, expresa la intención de que los bienes sean distribuidos conforme al cuaderno particional'." Sentencia recurrida, pág. 2.

De aquí el Tribunal de Circuito de Apelaciones determinó que el recurso era frívolo e impuso una sanción de trescientos dólares ($300) al apelante.

Hemos analizado detenidamente los documentos que obran en autos, los mismos que tuvo ante sí el Tribunal de Circuito de Apelaciones. De un análisis objetivo de su contenido no puede colegirse inequívocamente que los planteamientos del peticionario ante el Tribunal de Circuito de Apelaciones fuesen frívolos, carentes de toda lógica y razonabilidad. Un análisis sobre la

frivolidad de un recurso no entraña el que se esté de acuerdo con los planteamientos aducidos. Basta con que éstos esbocen un punto de vista contrario que pueda ser sostenido mediante un análisis lógico de los hechos y el derecho para que se descarte la posibilidad de que el recurso se considere frívolo y se impongan sanciones.

La Regla 85 del Reglamento del Tribunal de Circuito de Apelaciones, aprobado el 25 de abril de 1996, dispone en referencia al asunto de la frivolidad lo siguiente:

> "Si el Tribunal de Circuito de Apelaciones determina que el recurso ante su consideración es frívolo o que se presentó para dilatar los procedimientos, lo denegará o desestimará, según sea el caso, e impondrá a la parte promovente o a su abogado(a) las costas, los gastos, los honorarios de abogado(a) y la sanción económica que estime apropiada, la cual deberá reflejar en lo posible, el costo de la dilación para el Estado y para la parte opositora recurrida causado por la interposición del recurso, conforme a las guías que establezca el Tribunal de Circuito de Apelaciones." Regla 85(B) del Reglamento del Tribunal de Circuito de Apelaciones, vigente.

Igual disposición contiene la Ley de la Judicatura de Puerto Rico de 1994, según enmendada. Sin embargo, ninguno de estos dos cuerpos legales define el concepto.

La reseñada omisión en la Ley de la Judicatura de Puerto Rico de 1994 y en el Reglamento del Tribunal de Circuito de Apelaciones se justifica, dado que se trata de un concepto que históricamente ha evitado ser encasillado dentro de parámetros definitorios estrictos. La frivolidad equivale a "[a]quello que no tiene razón de ser, sin méritos, sin peso ni lógica alguna." Rivera García, I. Diccionario de Términos Jurídicos, Equity Publishing Corp., 2da ed., 1985, pág. 108. La determinación de frivolidad en apelación debe atender las cuestiones de hechos y de derecho del caso ante el tribunal apelativo. Debe darse paso a las inferencias que razonablemente puedan hacer las partes de los hechos y del derecho aplicables. Sólo lo enteramente irrazonable o inmeritorio debe permitir una determinación de frivolidad.

Estos criterios analíticos se imponen con mayor rigor con relación a los recursos de apelación que se presentan ante el Tribunal de Circuito de Apelaciones. El hecho que el legislador haya concedido expresamente al Tribunal de Circuito de Apelaciones la facultad de imponer sanciones por frivolidad, no desplaza la norma que hemos resaltado en el pasado a los efectos de que al interpretar su Reglamento y la Ley de la Judictura de Puerto Rico de 1994, el Tribunal de Circuito de Apelaciones debe promover que se adelante el propósito de asegurar "el derecho de apelación a los ciudadanos en casos civiles y criminales", y extender "a todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión." Exposición de Motivos, Ley de la Judicatura de Puerto Rico de 1994. Plan Núm. 1 de Reorganización de la Rama Judicial, 28 de julio de 1994. Véase, Sociedad Legal de Gananciales v. García Robles, P.C. de 23 de enero de 1997, 142 D.P.R.____ (1997), 97 J.T.S. 7.

Una aplicación irrestricta del mecanismo de sanciones por frivolidad podría dar al traste con el interés de promover los propósitos reseñados. Tendría un efecto entorpecedor sobre el ejercicio

de un derecho reconocido por la legislatura, al disuadir a las partes de presentar recursos de apelación ante el Tribunal de Circuito de Apelaciones, por temor a ser sancionados económicamente. Ello con más razón cuando la sanción se impone directamente a la parte. La posibilidad de que las actuaciones del Tribunal de Circuito de Apelaciones tengan este efecto indeseado debe operar en el ánimo del juzgador impidiendo la imposición de sanciones, excepto en casos claramente inmeritorios. Así pues, la determinación de frivolidad que puede legítimamente efectuar el Tribunal de Circuito de Apelaciones, al amparo de la Regla 85(B) de su Reglamento, depende de que la posición que esgrima la parte ante él no tenga razón de ser, sin méritos, sin peso ni lógica alguna, a la luz de los hechos del caso y del derecho aplicable. De existir duda sobre la frivolidad de un recurso, la balanza debe inclinarse a favor del apelante o recurrente. Ante este marco normativo debemos analizar la procedencia de la sanción por frivolidad impuesta por el Tribunal de Circuito de Apelaciones a la parte en el caso de autos.

En su escrito de apelación ante el Tribunal de Circuito de Apelaciones, el demandado peticionario le imputó al Tribunal de Primera Instancia haber errado al declarar con lugar la demanda, no obstante ser de aplicación la doctrina de cosa juzgada con relación a la sentencia dictada en el caso RF80-2180. Reprodujo así el argumento que había esgrimido ante el Tribunal de Primera Instancia. Contrario a lo planteado por el demandado peticionario, el Tribunal de Circuito de Apelaciones confirmó la determinación del Tribunal de Primera Instancia. Sostuvo que la sentencia dictada en el caso RF80-8120 "expresa la intención de que los bienes sean distribuidos 'conforme al cuaderno particional, a lo que surge del Addendum que fue unido a la Moción ofrecida en evidencia suscrito por el contador partidor", que detallaba la deuda del demandado peticionario para con la demandante recurrida. De ahí que el Tribunal de Circuito de Apelaciones manifestara lo siguiente:

> "El demandado litigó el pleito sin defensa válida alguna pretendiendo no cumplir una obligación que había sido declarada por sentencia. No hay razón por la cual, luego de más de cuatro años, no pagara la obligación que se había declarado en el pleito RF80-2180. El demandado en su alegato nos señala que en la sentencia dictada no se adjudicó ninguna deuda que tuviera el demandado con la demandante y que la demandante lo que pretende cobrar es una supuesta deuda que tiene el demandado con ella. A la luz de los hechos del caso su temeridad es manifiesta... Estimamos, igualmente, que el recurso ante nosotros es frívolo..." Sentencia recurrida, págs. 5-6. (Enfasis nuestro.)

De los documentos que obran en autos, los cuales hemos analizado detenidamente, no puede sostenerse que en principio la sentencia del caso RF80-2180 dispusiera automáticamente del caso de marras, de forma tal que cualquier planteamiento en contrario pueda ser calificado de frívolo. Es decir, a la luz de estos hechos, sostener una posición contraria podría resultar justificada, meritoria y lógica. Es simplemente un punto de vista distinto que no prevaleció ni ante el Tribunal de Primera Instancia ni ante el Tribunal de Circuito de Apelaciones. El hecho de no prevalecer por sí solo no convierte el planteamiento en frívolo. Veamos.

Primeramente, la referencia que hace el Tribunal de Circuito de Apelaciones a la sentencia en el caso RF80-2180, para sostener su interpretación de que dicha sentencia tenía la intención de que todos los bienes fueran distribuidos de conformidad con el cuaderno particional, se basa en

hechos que son suceptibles a distintas interpretaciones. Al recurrir a la sentencia del caso RF80-2180 notamos que esa referencia expresa al cuaderno particional aludía a un asunto en particular y no a la totalidad de los bienes. En lo pertinente, dispuso el Tribunal de Primera Instancia en el caso RF80-2180 lo siguiente:

> "Asimismo se dispone si es que ya no se ha hecho que unos dineros que pertenecen a la sucesión que nos ocupa y que tiene bajo su custodia el coheredero Salustiano Ramos López montante a $2,974.00 deberán ser entregados si es que no han sido entregados ya, al Contador Partidor... para ser distribuidos conforme al Cuaderno Particional, a lo que surge del Addendum que fue unido a la Moción Ofreciendo Evidencia suscrito por dicho Contador Partidor." Sentencia de 14 de junio de 1990, dictada por el Tribunal de Primera Instancia en el caso civil RF80-2180. (Enfasis nuestro.)

Del texto íntegro de la sentencia en el caso original surge que las expresiones citadas podrían razonablemente merecer un alcance mucho más limitado que el atribuido por el Tribunal de Circuito de Apelaciones en la sentencia recurrida.

Además, cabe destacar que la porción transcrita de la sentencia dictada en el caso RF80-2180 recoge la única instancia en que aquel tribunal hizo alusión a deuda alguna que tuvieran los herederos para con el caudal. Es decir, la deuda del demandado peticionario para con el caudal no fue incluida en la sentencia dictada, a diferencia de la deuda de otro heredero que, como hemos visto, fue consignada expresamente. Ambas deudas surgían del Addendum al Informe del Contador Partidor y solo la del coheredero Salustiano Ramos López fue incluida en la sentencia, por lo que podría interpretarse que la alegada deuda del demandado peticionario fue expresamente omitida por el tribunal sentenciador. Es también significativo para el asunto que nos ocupa que el inciso del Addendum que recogía la deuda del demandado peticionario para con los otros coherederos fue el único inciso omitido por el tribunal de instancia en su sentencia. Todos los otros incisos fueron incorporados a la sentencia, en ocasiones ad verbatim, inclusive en el mismo orden. Estas consideraciones de por sí podrían justificar una interpretación contraria a la dispuesta por el tribunal de instancia en el caso de marras, en torno a si la sentencia del caso RF80-2180 establecía la existencia de la deuda del demandado peticionario con la demandante recurrida.

Abunda a la ausencia de frivolidad en este caso el hecho de que el tribunal sentenciador aplicó la doctrina de cosa juzgada en su vertiente de impedimento colateral por sentencia al resolver el caso en instancia. Reconoció también que la aplicación de la referida doctrina requiere la concurrencia de "la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que la fueron." Art. 1204, Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343. Cabe, pues, destacar en este respecto que en el caso RF80-2180 las partes en el presente caso fueron codemandados y el pleito era de división de herencia. Es decir, en aquel caso las partes no se enfrentaron en un proceso adversativo en calidad de acreedor y deudor como en el caso de autos, sino como copartes en calidad de coherederos. Ante esta situación resultaba al menos cuestionable la aplicación de la doctrina de cosa juzgada al caso de autos.

Otra consideración que podría impedir la aplicación inflexible de la doctrina de cosa juzgada es que lo alegado en la demanda del caso de autos no se adecua exactamente a la sentencia del caso RF80-2180. Por ejemplo, del Informe del Contador Partidor al que hizo referencia la demandante recurrida en instancia, surgía que la deuda del demandado peticionario ascendía a trece mil trescientos setenta dólares ($13,370). Sin embargo, en la demanda de autos la demandante recurrida expresa que el principal de la deuda a cobrar ascendía a tres mil cuatrocientos sesenta y dos dólares ($13,462), una cantidad distinta a la que surgía del Informe del Contador Partidor en el caso RF80-2180. Además, en la demanda se hace referencia a un cuaderno particional con fecha de 19 de diciembre de 1990, el cual de forma alguna puede contribuir a los efectos de cosa juzgada de la sentencia dictada seis (6) meses antes, el 14 de junio de 1990.

Por último, debemos también atender el trámite del caso de autos en el tribunal de instancia. Recordemos que el caso, inicialmente presentado ante el entonces Tribunal de Distrito, fue trasladado al Tribunal Superior, para que el expediente fuese unido al del caso RF80-2180 y la demanda se tratara como una solicitud de ejecución de sentencia. De esta actuación surgía la impresión del Tribunal de Distrito que la controversia del caso ya había sido resuelta en el RF80-2180. Por lo tanto, al negarse el Tribunal Superior a aceptar el traslado efectuado por el Tribunal de Distrito surgió la razonable impresión de que aquél entendió que se trataba de un asunto nuevo, no resuelto en el pleito original, por lo que el remedio no podía obtenerse mediante la ejecución de la sentencia dictada en el RF80-2180.

Todos estos elementos, que matizan los hechos del caso de autos, justifican que el demandado peticionario haya acudido en apelación al Tribunal de Circuito de Apelaciones a impugnar la determinación emitida por el tribunal de instancia. Para fines de la presenta controversia, que se refiere a la procedencia de la sanción por frivolidad impuesta al apelante por el Tribunal de Circuito de Apelaciones, las inconsistencias señaladas hacían meritorio el planteamiento del demandado peticionario sobre la aplicación de la cosa juzgada en su vertiente defensiva. Por lo tanto, se justificaba que el mismo fuese reiterado ante el Tribunal de Circuito de Apelaciones, de forma tal que un tribunal colegiado, de al menos tres (3) jueces, pudiese evaluar la determinación efectuada por un Juez del Tribunal de Primera Instancia. Esto no significa que el peticionario tuviese que prevalecer en sus planteamientos, o sea que le asistiese la razón. El propósito que persigue la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, es darle la oportunidad a un litigante a que un foro colegiado pase juicio y determine la posición que debe prevalecer cuando existan varias posiciones que resultan conflictivas. Entendemos que la imposición de sanciones a la parte por frivolidad, en casos como el presente, produce un efecto negativo sobre el ejercicio de un derecho claramente reconocido por legislación. Este efecto trastoca el esquema creado al aprobarse la Ley de la Judicatura de Puerto Rico de 1994, por lo que no convalidaremos prácticas que lo produzcan.

Por las razones expuestas, disentimos de la posición que hoy adopta la mayoría de este Tribunal. Expediríamos el recurso a los únicos efectos de eliminar la sanción de $300.00 impuesta por dicho Tribunal al demandado peticionario, y así modificada la confirmaríamos.


**MIRIAM NAVEIRA DE RODON**

Juez Asociada

Retornar al índice anterior